Col. T.L. Goodwin, Director Arkansas State Police P.O. Box 5901 Little Rock, AR 72215
Dear Col. Goodwin:
We are writing in response to your March 27, 1992 request for a formal opinion concerning two questions related to Act 817 of 1985 and the proposed refinancing of two bond issues authorized therein, to wit:
 1. Does Act 817 of 1985; or any other legislation or statute provide the Arkansas State Police Commission with the authority required for the bond refinancing?
 2. Does the Arkansas State Police Commission have the authority to enter into a contractual agreement for the bond refinancing without considering multiple bid proposals?
As you can see from the following, it is our opinion that Act 817 of 1985 authorizes the Arkansas State Police Commission to refinance the bonds in question and it is also our opinion that the Commission has the authority to contract for that refinancing without having to consider multiple bid proposals. However, you should note that A.C.A. § 12-8-306 (1987) requires that any contracts, agreements or proposals made in connection with the refinancing must be submitted both to the Arkansas Communications Study Committee and to the Arkansas Legislative Council for their advice and counsel prior to any obligations being incurred by the Commission.
As to your first question, the Commission's authority to refinance the bonds in question, which were issued pursuant to the provisions of Act 817 of 1985, is found in A.C.A. §§12-8-305(a)(2)(B), (4), (6), (7) and (8). Section (a)(2)(B) of that statute authorizes the Commission to provide for the payment of the cost[1] of communications equipment procured under Act 817. Sections (4) and (6) provide the Commission with authority to contract and to invest and reinvest any of its monies in investment agreements selected by it. Section (7) gives the Commission authority to execute all instruments necessary to the discharge of its duties under Act 817. Section (8) gives the Commission authority to employ attorneys, accountants, underwriters and financial advisors, among others, in connection with the financing of any communications equipment procured pursuant to Act 817. In sum, it is our opinion that A.C.A. §12-8-305 gives the Arkansas State Police Commission authority to refinance the bonds issued under Act 817 of 1985.
As to your second question, A.C.A. § 12-8-304 (1987) allows the Commission to contract for the bond refinancing without considering multiple bid proposals. A.C.A. § 12-8-304(a)(2) provides that "it shall not be necessary (for the Commission) to comply with general provisions of other laws dealing with public commodities and public facilities and their acquisition . . . leasing (or) encumbering. . . ." Given the liberal construction of Act 817 mandated by A.C.A. § 12-8-304(a), we believe that the provisions of other state laws requiring a bidding process do not apply to bond refinancing under Act 817 of 1985.
We trust the foregoing information will prove useful to you. If there are other material facts not contained in your opinion request, we might have to modify this opinion accordingly. This opinion, which I hereby approve, was prepared by Assistant Attorney General Frank J. Wills, III.
Cordially yours,
WINSTON BRYANT Attorney General
WB:FJW:sfh
[1] "Cost" is defined by A.C.A. § 12-8-303(4) (C) to include "any and all costs paid or incurred in connection with the financing of such communications equipment including . . . the cost of financing, legal, accounting, financial advisory and consulting fees. . . ."